IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH W. HOPKINS, | : |
| | : CIVIL ACTION NO. 08-CV-_____ |
| Plaintiff, | : |
| vs. | : |
| | : |
| CITY OF WILMINGTON, | : |
| | : |
| Defendant. | : |

**COMPLAINT - JURY TRIAL DEMANDED**

**I.   INTRODUCTION**

1. Plaintiff Kenneth Hopkins brings this action for equitable relief and monetary damages to redress the deprivation of civil rights secured to him by the Section 504 of the Rehab Act, while he was an employee of the City of Wilmington. Specifically, he alleges that he was not allowed to do his job when and that, while he was initially provided with a reasonable accommodation, he was ultimately terminated from his employment when the Defendant rescinded said accommodation, and that the defendant's actions caused him mental distress and humiliation, and loss of employment and compensation. He seeks back pay, reinstatement or front pay, compensatory damages, attorneys fees, expenses and costs of this action.

**II.   JURISDICTION**

2. Jurisdiction of this civil rights action is conferred on this Court by 28 U.S.C. §§ 1343 and 1331.

3. Plaintiffs' claims are authorized by 29 U.S.C. §794(a).

1

4.  Venue herein is proper under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5(f)(3) as the acts complained of herein all occurred within this judicial district.

## III. PARTIES

5.  Plaintiff Kenneth Hopkins is a citizen of the U.S. currently residing in Wilmington, DE and is subject to the jurisdiction of this court.

6.  Defendant City of Wilmington is a municipality that receives federal funds, and was the employer who terminated plaintiff's employment. The City of Wilmington's offices are located at 800 French Street in Wilmington, DE. Defendant is therefore subject to the jurisdiction of this court.

## IV. STATEMENT OF FACTS

7.  Mr. Hopkins was hired by the City of Wilmington as a technical maintenance worker ("building technician") on September 29, 1988.

8.  On July 1, 1994, plaintiff was promoted to the position of Assistant Public Property Manager.

9.  On June 16, 1998, plaintiff injured his left knee in the course of his work. As a result of the injury he was unable to kneel. Defendant provided him with the reasonable accommodation of not having to kneel and to have the right to ask an assistant to handle any kneeling tasks that came up in the course of his work.

10. Plaintiff received treatment for his injury which included, among other things, an arthroscopic procedure on February 4, 1999. Unfortunately, plaintiff's knee continued to give him problems including pain and stiffness. He ultimately underwent a

full knee replacement on January 5, 2004.  Even though the surgery was successful, plaintiff has continued to have the work restriction that he is unable to kneel.  He has also been issued a permanent impairment rating for the whole person of 20% and 50% for the left lower extremity.

11.    Plaintiff returned to work in May of 2004 and was allowed to continue to work with the reasonable accommodation that he was not required to kneel during the course of his work.  When there were occasions which required a person to kneel plaintiff was allowed to ask Sammuel Baise to perform those duties.

12.    In 2004 plaintiff was diagnosed with hepatitis C.

13.    Plaintiff was prescribed interferon to treat the condition.

14.    In 2005 the hepatitis showed up in tests and it was decided by his treating physicians that interferon could not longer be used to treat his condition.  Shortly thereafter Plaintiff enrolled in a clinical drug trial at Einstein Medical Center to see if the drugs being tested would help his condition.

15.    Unfortunately, Plaintiff suffered a bad reaction to the drugs he was being given.  As a result he was forced to stop working on or about February 23, 2006.

16.    In November of 2006 plaintiff's medical condition had improved to the point that his physician released him to return to work.  Plaintiff returned to work for Defendant in the same capacity he was in when he stopped working in February of 2006.  Defendant did not inform plaintiff at that time that it was not going to continue to reasonably accommodate him in the foreseeable future.

17. On March 16 Plaintiff was told by the physician at the City dispensary that the City no longer had a modified duty job for him and he was to go home. He did not however receive his workers' compensation indemnity checks initially. On May 8, 2007, plaintiff's workers' compensation attorney, Michael Bednash, spoke with Pamela White, with the City's Personnel Department. Ms. White explained that the City was going to try to get Mr. Hopkins to retire and that toward that end a skills assessment was going to be scheduled in the near future.

18. That very day, May 8, 2007 Defendant claims it sent a notice to plaintiff informing him that it could not continue to provide him with the reasonable accommodation. The Defendant contends that the letter was sent by Certified Mail. In that letter Defendant scheduled a skills assessment for plaintiff to take place on May 15, 2007. Plaintiff never received this letter and did not attend the skills assessment.

19. On June 1, 2007, without any evidence to indicate that Mr. Hopkins had received the letter of May 8, 2007, Monica Gonzalez-Gillespie, Defendant's Director of Personnel sent plaintiff a letter informing him that his failure to attend the skills assessment mean that his employment had been terminated to be effective as of June 8, 2007.

20. Plaintiff received the June 1 letter on June 4, 2007. His attorney contacted Ms. Gonzalez-Gillespie and informed her that neither he nor Mr. Hopkins had received notice of the skills assessment or else Mr. Hopkins would have attended the appointment. Mr. Bednash asked if the skills assessment could be rescheduled. Ms. Gonzalez

informed him that it could be rescheduled but Mr. Hopkins' termination was still effective.

21.     Plaintiff made an appointment for a skills assessment to take place on June 18, 2007.

22.     Mr. Hopkins attended the skills assessment. Even though the skills assessment indicated that he could perform the positions of Stores Clerk, Custodian or School Crossing Guard, Defendant did not place him in one of those positions, indicating that he could apply for one of them just like a member of the general public. Plaintiff applied for those jobs but was never given an interview.

## COUNT I

## REHAB ACT VIOLATION

23.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 22 as though set forth fully herein.

24.     As a result of his medical condition plaintiff has a significant impairment in the major life activity of "working", among others, and is therefore an individual with a disability under the Rehab Act.

25.     Plaintiff was able to perform the essential functions of his job as an Assistant Public Property Manager either with, or without, a reasonable accommodation, and is therefore a qualified individual with a disability under the Rehab Act.

26.     The unlawful actions of defendant in preventing plaintiff from performing his duties and then refusing to afford plaintiff a reasonable accommodation which would

have allowed him to continue to work, and then terminating his employment, solely because of his disability, constitute intentional violations of the Rehab Act.

27. As a direct result of defendant's willful and unlawful actions in violation of the Rehab Act, plaintiff has suffered emotional pain and distress, and has sustained a loss of earnings, benefits, contributions to his pension, and front pay and interest due thereon.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor:

(a) Awarding lost wages, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Order his reinstatement, or in the alternative, award front pay;

(d) Awarding the costs of this action, together with reasonable attorney's fees; and

(e) granting such other relief as the Court deems necessary and appropriate.

PLAINTIFF HEREBY DEMANDS A JURY TRIAL FOR ALL CLAIMS RAISED

Respectfully submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
SJN@NeubergerLaw.com

Dated: May 21, 2008                    Attorney for Plaintiff

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KENNETH W. HOPKINS

## DEFENDANTS
CITY OF WILMINGTON

(b) County of Residence of First Listed Plaintiff __NEW CASTLE__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Stephen J. Neuberger
THE NEUBERGER FIRM, P.A.
TWO EAST SEVENTH STREET SUITE 302
WILMINGTON, DE 19801
302-655-0582

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal Injury Product | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act / ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation / ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is an original action for deprivation of Plaintiff's Civil Rights under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 5/21/08
SIGNATURE OF ATTORNEY OF RECORD
_Stephen J. Neuberger_

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

_____5/21/08_____   _____[signature]_____
(Date forms issued)   (Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action