IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH W. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-cv-302 JJF |
| | ) | |
| CITY OF WILMINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CITY OF WILMINGTON'S OPENING BRIEF IN SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**

 

Gary W. Lipkin (Bar I.D. No. 4044)
Assistant City Solicitor
City of Wilmington Law Department
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2187

Attorney for Defendant
City of Wilmington

Dated:   August 11, 2008

## **TABLE OF CONTENTS**

TABLE OF CITATIONS ........................................................................................ ii

NATURE AND STAGE OF PROCEEDINGS ....................................................... 1

SUMMARY OF ARGUMENTS ............................................................................ 2

FACTUAL BACKGROUND ................................................................................. 3

ARGUMENT .......................................................................................................... 4

    I.    THE CITY OF WILMINGTON IS NOT A "PROGRAM OR ACTIVITY" AS DEFINED BY THE REHABILITATION ACT .... 4

    II.    PLAINTIFF FAILED TO EXHAUSE AVAILABLE STATE ADMINISTRATIVE REMEDIES ....................................................... 6

CONCLUSION ....................................................................................................... 9

# TABLE OF CITATIONS

## CASES

*Alford v. City of Cannon Beach*,
   2000 U.S. Dist. LEXIS 20730 (D. Or. Jan. 17, 2000) ................................. 4

*Freed v. Conrail*, 201 F.3d 188 (3d Cir. 2000) ....................................................... 6, 7

*Koslow v. Commonwealth of Pennsylvania d/b/a Department of Corrections*,
   302 F.3d 161 (3d Cir. 2002) ............................................................................. 5

*Micek v. City of Chicago*, 1999 U.S. Dist. LEXIS 16263 (N.D. Ill. Oct. 4, 1999) .... 5

*Paoli v. State of Delaware*,
   2007 U.S. Dist. LEXIS 92723 (D. Del. Dec. 18, 2007) .................................. 5

*Peterson v. Gentry*, 1981 U.S. Dist. LEXIS 17385 (S.D. Iowa Aug. 17, 1981) ........ 7

*Schroeder v. City of Chicago*, 715 F. Supp. 222 (N.D. Ill. 1989) ............................. 4

## STATUTES

29 U.S.C. § 701 .......................................................................................................... 4

29 U.S.C. § 794(b)(1) ................................................................................................. 4

29 U.S.C. § 794(b)(1)(A)-(B) ..................................................................................... 4

29 U.S.C. § 794a(a)(2) ................................................................................................ 6

19 *Del. C.* § 710 ........................................................................................................... 7

19 *Del. C.* § 712(c)(3) .................................................................................................. 7

19 *Del. C.* § 713 ........................................................................................................... 7

49 C.F.R. § 27.123(d) .................................................................................................. 6

## SECONDARY SOURCES

1 Defense of Equal Employment Claims § 7.18 (2d ed.) ....................................... 4

9 Employment Discrimination § 163.08 (2d ed.) .................................................... 8

## NATURE AND STAGE OF PROCEEDINGS

On May 21, 2008, Plaintiff, Kenneth W. Hopkins ("Hopkins" or "Plaintiff") filed his Complaint against the City of Wilmington ("City" or "Defendant"), seeking monetary damages resulting from alleged discrimination he suffered in violation of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act" or the "Act"). This is the City's Opening Brief in Support of Its Motion to Dismiss the Complaint.

## SUMMARY OF ARGUMENTS

1.  The City does not meet the definition of a "program or activity" under the Rehabilitation Act so Plaintiff's claim fails as a matter of law.

2.  Plaintiff's Complaint must be dismissed because he failed to exhaust all available state administrative remedies.

## FACTUAL BACKGROUND

The facts pled in Plaintiff's Complaint have no bearing on the purely legal motion presented here. For purposes of this motion, the only relevant (and undisputed) facts are that the Plaintiff sued the City itself and that Plaintiff never filed a Charge of Discrimination with the Delaware Department of Labor.

**ARGUMENT**

I.  **THE CITY OF WILMINGTON IS NOT A "PROGRAM OR ACTIVITY" AS DEFINED BY THE REHABILITATION ACT**

Section 504 of the Rehabilitation Act provides: "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely, by reason of his or her disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C.A. § 794. The Act defines "program or activity" as: "a department, agency, special purpose district, or other instrumentality of a State or local government; or the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government. . ." 29 U.S.C. § 794(b)(1)(A)-(B).

It is hornbook law that a municipality, such as the City of Wilmington, is not considered a "program or activity" under the Act. *See* John F. Buckley, 1 DEFENSE OF EQUAL EMPLOYMENT CLAIMS § 7.18 (2d ed.) ("[T]he definition of program or activity contained in the Civil Rights Restoration Act <u>does not include a city</u> but, rather, refers only to institutions such as hospitals and universities.") (Emphasis added). *See also*, *Schroeder v. City of Chicago*, 715 F. Supp. 222, 225 (N.D. Ill. 1989) (allegation that City received federal financial assistance insufficient to sustain Rehabilitation Act claim because the City does not meet statutory definition of "program or activity"), *aff'd*, 927 F.2d 957 (7th Cir. 1991) (amendments to Rehabilitation Act's "program or activity" not intended to sweep in the whole or local government); *Alford v. City of Cannon Beach*, 2000 U.S. Dist. LEXIS 20730, at **77-82 (D. Or. Jan. 17, 2000) (concluding that City of

Cannon Beach was "not a proper defendant in a Rehabilitation Act claim because it is not a 'program or activity' as that has been defined in 29 U.S.C. § 794(b)(1)").

In *Micek v. City of Chicago*, 1999 U.S. Dist. LEXIS 16263 (N.D. Ill. Oct. 4, 1999), the Court held that the City of Chicago was not a proper defendant under the Rehabilitation Act and dismissed the plaintiffs' claims against the City. In so doing, the Court explained:

> Even after its expansion by a 1988 Congressional amendment, the Rehabilitation Act's definition of 'program or activity' does not encompass the City of Chicago. When discussing its rationale for amending the Act, Congress cited a need to restore the 'broad, institution-wide application' of federal antidiscrimination laws . . . . By referring to 'institution-wide' application of the Rehabilitation Act, Congress indicated its intent to include federally funded institutions like hospitals or universities within the amended definition of 'program or activity.' By contrast, nothing in the amendment's legislative history suggests that Congress contemplated classifying an entire municipality like the City of Chicago as a 'program or activity' subject to § 504 of the Rehabilitation Act.

*Id.* at *8 (citations omitted).

To our knowledge, the Third Circuit has not had an occasion to address whether § 504 of the Rehabilitation Act applies to a municipality itself. However, in a similar context, the Court has held that § 504 does not apply to an entire state. *See Koslow v. Commonwealth of Pennsylvania d/b/a Department of Corrections*, 302 F.3d 161, 171 (3d Cir. 2002) ("Under the statutory definitions in the Rehabilitation Act, the state, as a whole, cannot be a 'program or activity.' As other courts have noted, if the entire state government were subject to § 504 whenever one of its components received federal funds, subsection (b)(1)(B) would be redundant. . . "). *See also Paoli v. State of Delaware*, 2007 U.S. Dist. LEXIS 92723, at **10-11 (D. Del. Dec. 18, 2007) ("Using the

5

statutory definitions provided in the Rehabilitation Act, the State as a whole, cannot be a 'program or activity.'") (Citations omitted).

Because the City of Wilmington is not a "program or activity" under the Rehabilitation Act, Plaintiff's Complaint must be dismissed as a matter of law.

## II. PLAINTIFF FAILED TO EXHAUST AVAILABLE STATE ADMINISTRATIVE REMEDIES

The 1978 amendments to the Rehabilitation Act provide, among other things, that the "remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964" were applicable to persons aggrieved by a violation of § 504. See 29 U.S.C. § 794a(a)(2). Title VI includes an administrative procedure that can lead to the withdrawal of federal funding from programs or activities that discriminate on the basis of race, color, or national origin. The administrative procedures contained in Title VI, however, do not provide a means for redress for individual plaintiffs. Although Title VI permits an aggrieved person to file a "written complaint with the responsible Department official," see 49 C.F.R. § 27.123(d), the procedures do not permit a complainant to participate in any subsequent administrative hearing or to recover damages.

For these reasons, the United States Court of Appeals for the Third Circuit held in the seminal case of *Freed v. Conrail*, 201 F.3d 188 (3d Cir. 2000), that the procedures set forth in Title VI were inadequate for individuals suing under § 504 of the Rehabilitation Act, and thus, were not required to be exhausted before filing a § 504 action in District Court. See *Freed*, 201 F.3d at 193-94. Although perhaps taken for granted by other courts,[1] the *Freed* Court did not specifically address the issue of whether *state*

---

[1] As best we can tell, it appears that many courts within this Circuit have interpreted *Freed* as instructing that state administrative remedies need not be exhausted before pursuing a § 504 claim, when in fact, the *Freed* Court never addressed that specific issue.

6

administrative remedies (to the extent they are available depending on the individual case) need be exhausted before filing an action in District Court.

Indeed, the *Freed* Court specifically noted: "[e]very court of appeals to have addressed this question has already held that plaintiffs suing under private recipients of federal funds under section 504 do not need to exhaust <u>Title VI administrative remedies</u>." *Id.* at 192 (citations omitted) (emphasis added). There was no specific mention of available state administrative remedies and whether they would need to be exhausted.

This failure is understandable. While Title VI does not permit an aggrieved plaintiff to participate in the administrative process, recover damages or even obtain injunctive relief, the same cannot necessarily be said for state administrative remedies. The Delaware Discrimination in Employment Act ("DDEA"), codified at 19 *Del. C.* § 710 *et seq.*, for example, permits aggrieved complainants to participate in the administrative process, and in fact, requires the parties to engage in mandatory conciliation meetings where a finding of a "reasonable cause" to believe discrimination occurred. 19 *Del. C.* § 712(c)(3). No similar procedure can be found within Title VI. Similarly, the DDEA permits the Attorney General to seek injunctive and other relief as the Attorney General "deems necessary" where the Attorney General has reasonable cause to believe that discrimination occurred. 19 *Del. C.* § 713. Again, such relief cannot be found within Title VI.

Although we could not find any Third Circuit case addressing the subject, at least one leading treatise has recognized the important distinction between exhaustion of federal as opposed to state administrative remedies for § 504 purposes. *See* Larson, 9 EMPLOYMENT DISCRIMINATION § 163.08 (2d ed.) ("A somewhat different issue arises,

7

however, when it is alleged that *state* administrative remedies have not been exhausted. Here, the *Cannon* reasoning does not apply with full force, since it cannot be said automatically that a particular state remedy is inadequate or that resort to it would be futile.") (Emphasis in original).

This distinction was also noted in *Peterson v. Gentry*, 1981 U.S. Dist. LEXIS 17385 (S.D. Iowa Aug. 17, 1981), where the Court dismissed a § 504 claim for failing to exhaust available state administrative remedies before the Iowa Civil Rights Commission. Distinguishing the numerous cases which held that Title VI remedies need not be exhausted because they were of no utility to individual complainants, the Court dismissed the plaintiff's § 504 claim where it observed that relief before the Iowa Civil Rights Commission would not have been futile and could have provided relief. *Id.* at **7-8

This is no different from the case at bar. Plaintiff cannot credibly deny that he could have filed a charge of discrimination with the Delaware Department of Labor ("DDOL") for the acts alleged in his Complaint and that had he done so, he could have been afforded relief. His failure to file a charge with the DDOL is thus dispositive and the Complaint should be dismissed accordingly.

8

## CONCLUSION

For the foregoing reasons, the City respectfully requests that Plaintiff's Complaint be dismissed in its entirety.

DATED:   August 11, 2008          **CITY OF WILMINGTON**

/s/ Gary W. Lipkin
Gary W. Lipkin (Bar I.D. No. 4044)
Assistant City Solicitor
City of Wilmington Law Department
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2187

Attorney for Defendant