IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH W. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-cv-302 JJF |
| | ) | |
| | ) | |
| CITY OF WILMINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CITY OF WILMINGTON'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**

Defendant's Motion to Dismiss (D.I. 5) is now moot because Plaintiff exercised his right to file an Amended Complaint. The filing of an "amended complaint renders the original complaint a legal nullity." *Pennsylvania State Troopers Ass'n v. Commonwealth of Pennsylvania*, 2006 U.S. Dist. LEXIS 59537, at *1 (M.D. Pa. Aug. 23, 2006) (citing *Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cit. 2002)). "An amended complaint supersedes the original version in providing the blueprint for the future course of the lawsuit." Alan Wright, *et al.*, FED. PRAC. AND PROC. § 1476 (2d ed. 1990). "Since plaintiff filed an amended complaint, its original complaint and all motions related to that original complaint are moot." *Sumito Mitsubishi Silicon Corp. v. Memc Electronic Materials, Inc.*, 2005 U.S. Dist. LEXIS 5174, at *2 n.2 (D. Del. Mar. 30, 2005).

Defendant will file a new Motion to Dismiss the claim asserted in the Amended Complaint within the prescribed time period.

DATED:   September 4, 2008          **CITY OF WILMINGTON**

/s/ Gary W. Lipkin
Gary W. Lipkin (Bar I.D. No. 4044)
Assistant City Solicitor
City/County Building
800 N. French Street
Wilmington, DE 19801
302.576.2187

Attorney for Defendant
City of Wilmington